UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENE DENEEN YOUNG,

    Plaintiff,

v.                                      Case No.:  8:21-cv-1470-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Rene Deneen Young filed a *pro se* lawsuit seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff also requested oral argument. The Court does not find oral argument necessary and therefore denies the request.

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for supplemental security income benefits on January 15, 2019, alleging disability beginning on August 14, 2018. (Tr. 76, 175-86). The application was denied initially and on reconsideration. (Tr. 76, 90). Plaintiff requested a hearing and on October 6, 2020, a hearing was held before Administrative Law Judge ("ALJ") Kurt Ehrman. (Tr. 39-56). On November 12, 2020, the ALJ entered a decision finding Plaintiff not under a disability since January 15, 2019, the date the application was filed. (Tr. 24-34).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April 21, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 17, 2021 and later filed an Amended Complaint (Doc. 13). The case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 11).

### D.     Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 15, 2019, the application date. (Tr. 26). At step two, the ALJ found that Plaintiff had the following severe impairments: "history of alcoholic cirrhotic changes, without current ascites; history of hepatitis C; hypochromic anemia; cardio regurgitation." (Tr. 27). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 28).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except the claimant can occasionally lift up to 20 pounds and lift and carry frequently up to 10 pounds; stand or walk about 6 hours, and sit up to 6 hours, with normal and customary breaks throughout an 8-hour workday; occasionally climb ropes, scaffolds and ladders; frequently climb ramps and stairs; occasionally crawl; frequently reach, handle and finger; must avoid concentrated exposure to extreme cold and excessive vibration such as in an industrial setting; and must avoid even moderate use of hazardous industrial machinery or exposure to unprotected heights.

(Tr. 29).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 33). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (51 on the application date), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 33). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) office helper, DOT 239.567-010, light, unskilled, SVP 2

(2) mail clerk, DOT 209.687-026, light, unskilled, SVP 2

      (3)   price marker, DOT 209.587-034, light, unskilled, SVP 2

(Tr. 34). The ALJ concluded that Plaintiff had not been under a disability since January 15, 2019, the date the application was filed. (Tr. 34).

## II. Analysis

On appeal, Plaintiff lists five issues: (1) whether the ALJ erred in determining that Plaintiff was capable of performing a range of light-exertional work; (2) whether the ALJ erred in determining that Plaintiff was capable of performing work in the national economy; (3) whether the ALJ erred in failing to wait for additional medical results and then request this information; (4) whether the ALJ erred in the use of vocational procedures; and (5) whether the Appeals Council erred in not requesting additional medical records or another vocational assessment. (Doc. 16, p. 2-3). In addition, Plaintiff attached 47 pages of additional medical records and impliedly is requesting the Court to consider these records and remand the action under sentence six. (Doc. 16-1).

### A. Residual Functional Capacity

Plaintiff argues that the ALJ and the vocational expert did not properly evaluate her RFC when finding her capable of performing a reduced range of light work. (Doc. 16, p. 2-3). Plaintiff claims that because of her skin paresthesia and cervicalgia, she was unable to function at the assigned RFC. (Doc. 16, p. 3). She also claims that she was unable to lift, carry, handle, finger, or manipulate papers, files,

office tools, or machinery throughout an 8-hour workday. (Doc. 16, p. 3). Plaintiff argues that the ALJ and vocational expert's summary "contradicts its own findings of what a reduced range of light work exertional activities is." (Doc. 16, p. 3). Thus, Plaintiff claims that a sedentary RFC is in order. (Doc. 16, p.3).

Prior to step four, the ALJ must assess Plaintiff's RFC, which is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a). It consists of a claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [a claimant] can do in a work setting." 20 C.F.R. § 404.1545(a). An ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the action. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), (3). The ALJ must consider *all* of a claimant's medically determinable impairments, including those that are not "severe." 20 C.F.R. § 404.1545(a)(2); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019). "The ALJ makes this determination by considering a claimant's physical, mental, and other abilities affected by the impairment." *Id.* (citing 20 C.F.R. § 404.1545(b)-(d)).

While Plaintiff claims that she cannot work because of her skin paresthesia and cervicalgia, she cites no medical records in the issue section in support of this argument. The October 25, 2021 Scheduling Order required each party to set forth facts "supported by a reference to the page numbers in the transcript at which

evidence establishing each fact can be found." (Doc. 15, p. 2). In the Statement of Facts Section, Plaintiff mentions a June 4, 2121 visit to a neurologist, which documents "Paresthesia of Skin" and also cites a November 23, 2021 assessment, but these medical records were dated either months or up to year after the ALJ's November 12, 2020 decision. (Doc. 16, p. 2; Tr. p. 34). Plaintiff fails to cite the record that was before the ALJ to support her argument.[1]

The Court recognizes that it must liberally construe the filings of *pro se* parties and will review the ALJ's decision to determine whether he properly concluded that despite Plaintiff's physical impairments, she was able to perform a reduced range of light work. *See Mantz, on behalf of Dunkley v. Comm'r of Soc. Sec.*, 2022 WL 2859460, at *2 (11th Cir. July 21, 2022). The ALJ stated he considered the entire record in making his findings. (Tr. 26). The ALJ considered CT scans of the lumbar and cervical spine from October 2017, which showed only mild spondylosis. (Tr. 27). He considered medical records from her current treatment providers, which showed generally unremarkable musculoskeletal examinations with full range of motion of the lower extremities, normal gait, and stance, and only mild paraspinal tenderness. (Tr. 27). The ALJ summarized Plaintiff hospital visits in October 2017, August 2018, and April 2019. (Tr. 30). The ALJ also considered imaging of

---

[1] Later in the Opinion and Order, the Court addresses the new evidence attached to Plaintiff's Memorandum from the time period after the ALJ's decision.

Plaintiff's right wrist from December 2019, which reflected a normal study. (Tr. 27). And the ALJ noted that three months later, a physical examination revealed some tenderness and positive Finkelstein's Test, but also noted 5/5 strength of the wrist and full active range of motion, and conservative treatment with a brace. (Tr. 27). He also discussed later evaluations, an ultrasound, and a hematologist's evaluation of anemia. (Tr. 31).

In support of the decision, the ALJ also considered a July 2019 consultative evaluation by Lindsey Ehren, DO. (Tr. 27, 30, 577-83). Dr. Ehren found Plaintiff demonstrated diffuse paraspinal tenderness on slight palpation, without palpable muscle spasm and negative straight leg test bilaterally. (Tr. 27, 30-31, 577-83). She also found Plaintiff was able to squat and rise with ease; rise from a sitting position without assistance; had no difficulty getting up and down from the exam table; was able to lift, carry, and handle light objects; and found the range of motion was within normal limits throughout the entire cervical spine and most of the lumbar spine. (Tr. 27, 30-31, 577-83). Plaintiff was likewise able to perform fine motor skills, such as opening doors, buttoning shirts, and manipulating coins. (Tr. 31). The consultative examiner concluded that Plaintiff may have difficulty performing activities that involve significant or heavy lifting or prolonged physical activity. (Tr. 32). The ALJ determined that to the extent this finding "reflects a light range of workplace activities, it is consistent with [Plaintiff's] diagnoses, symptoms, physical

examination findings, and treatment history." (Tr. 32). The consultative examiner's opinion conflicts with Plaintiff's allegations that she is unable to lift, carry, handle, finger, or manipulate paper files. Plaintiff cites no relevant medical evidence to support these allegations. (Doc. 16, p. 2-3).[2]

In assessing Plaintiff's RFC, the ALJ considered all of Plaintiff's impairments, both severe and non-severe, and the supporting medical evidence. Substantial evidence supports the ALJ's RFC determination that Plaintiff can perform work at a reduced light level and the Court finds no error.

### B.   Work in the National Economy and Vocational Procedures[3]

Plaintiff asserts that the ALJ was asked to have another vocational assessment done, but fails to cite the record to support this statement. (Doc. 16, p. 3). Plaintiff also claims that it is difficult for a person of Plaintiff's age to learn new job skills or make the transition to a workplace as she has no past relevant work and cannot perform a full range of light jobs, such as office helper, mail clerk, or price marker.

---

[2] In addition, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 29-30). Thus, the ALJ found Plaintiff's subjective allegations concerning her symptoms not entirely consistent with the medical and other evidence of record. Plaintiff does not challenge this finding.

[3] Issues two and four are related, thus, the Court addresses both here.

(Doc. 16, p. 3). She claims the vocational expert "did not fully evaluate Step 5 of the Sequential Evaluation." (Doc. 16, p. 3).

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

As the Court found above, substantial evidence supports the ALJ's RFC determination. At the hearing, the ALJ posed a hypothetical to the vocational expert that contained all of Plaintiff's impairments. (Tr. 53). Plaintiff failed to show that she had any additional limitations that were omitted from the hypothetical to the vocational expert.

The ALJ also made clear in the decision that Plaintiff had no past relevant work. (Tr. 33). The ALJ noted that the transferability of job skills was not an issue because Plaintiff had no past relevant work. (Tr. 33). Plus, the three jobs listed – office helper, mail clerk, and price marker – are all unskilled positions. (Tr. 34). Thus, Plaintiffs arguments as to job skills and transition to a new workplace are unavailing.

Based on a complete hypothetical to the vocational expert, the ALJ was permitted to rely on the vocational expert's testimony on available jobs for an individual with Plaintiff's limitations. Additionally, Plaintiff has not shown that the ALJ erred in any of the vocational procedures employed during the hearing or adopted in the decision. Substantial evidence supports the ALJ's decision that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 34).

### C. Additional Medical Records[4]

Plaintiff claims that the ALJ was asked to wait until after Plaintiff received her medical results from her neurologist and rheumatologist before rendering a decision. (Doc. 16, p. 3). Plaintiff asserts that the ALJ and Appeals Council erred in failing to wait for and request from Plaintiff's rheumatologist, neurologist, and

---

[4] Issues three and five are related, thus, the Court addresses both here.

orthopedist additional medical evidence. (Doc. 16, p. 3). Plaintiff attached records dated after the ALJ's decision arguably in support of her claims. (Doc. 16, p. 3; Doc. 16-1).

Under the regulations, when a claimant requests a hearing, she should also submit information or evidence to the ALJ, but must submit it "no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 416.1435(a). The regulations caution that "[i]f you do not comply with this requirement, the administrative law judge may decline to obtain the evidence unless" certain exceptions apply, but none apply here. *Id.* In this case, even though no request to hold open the record was submitted before the hearing, the ALJ held the record open for the submission of additional medical records from Plaintiff's treating physician relating to a post-hearing medical appointment. (Tr. 24). The hearing was held October 6, 2020, and the decision entered over a month later. Assuming the attached records may be the additional records Plaintiff wanted to submit to the ALJ, arguably the earliest record was dated February 3, 2021, nearly three months after the ALJ's decision. (Doc. 16-1, p. 15). Plaintiff fails to cite and the Court cannot find any regulation that requires an ALJ to hold the record open indefinitely. Plus, Plaintiff admits that the ALJ entered a decision before she could get an appointment with these specialists, showing that the receipt of medical records was not imminent. (Doc. 16, p. 3). Thus, the ALJ did not err in closing the record. As to the Appeals

Council, it denied Plaintiff's request for review on April 21, 2021. Plaintiff could have submitted all medical records dated before the Appeals Council's denial of review, but apparently did not. (Tr. 4).

Plaintiff now submits 47 pages of additional medical records for the first time to this Court. (Doc. 16-1). These records were not reviewed during the administrative process. "Generally, a claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council." *Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 857 (11th Cir. 2018) (citing 20 C.F.R. §§ 404.900(b), 404.970(b) (2016)). But new additional evidence presented to the Court and not to the administrative agency must be considered under a sentence six analysis. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

Sentence six remands are "entirely different" from Sentence Four remands. *Id.* at 1267. Sentence six presents a federal court "with the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Id.* (quoting 42 U.S.C. § 405(g)).

So to prevail, a claimant must establish: "'(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is

a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (internal quotations omitted) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)); *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citation omitted) (finding same requirements to warrant a remand under sentence six). New evidence must also "relate to the period on or before the date of the administrative law judge's ("ALJ") decision." *Enix*, 461 F. App'x at 863 (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)).

Plaintiff failed to show good cause for not submitting evidence to the Appeals Counsel dated before the Appeals Council's April 21, 2021 denial of review. These records include George Kardashian, M.D.'s February 3, 2021 medical records and Raquel Cuchacovich, M.D.'s treatment records from April 6, 2021.(Doc. 16-1, p. 15-17, 24-26). Plaintiff makes no attempt to explain why these medical records were not submitted to the Appeals Council. *See McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 473 (11th Cir. 2016) (finding that the district court correctly denied remand under sentence six when the plaintiff failed to show good cause why the evidence that was authored seven months after the ALJ's decision but well before the Appeals Counsel denied request for review was not submitted to the Appeals

Council). Thus, no good cause exists for a review of these medical records under a sentence six standard.

Even if Plaintiff could satisfy the other elements of a sentence six remand for the remaining attached medical documentation, she cannot satisfy the element requiring the evidence to be material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result. Plaintiff has not shown that these additional medical records relate to the time period on or before the ALJ's decision.

Over seven months after the ALJ's decision, in June and later in September 2021, Plaintiff saw Raquel Cuchacovich, M.D., who specializes in rheumatology. (Doc. 16-1, p. 19-24). On both these visits, Dr. Cuchacovich assessed Plaintiff with crystalline arthropathy gout non erosive, rheumatoid factor was positive due to hepatitis C infection, but found Plaintiff did not have rheumatoid arthritis. (Doc. 16-1, p. 21, 23).

Records from David Frankel, DO dated August 17, 2021 show a generally normal physical examination. (Doc. 16-1, p. 5). The assessment included a follow up with oncology for anemia, gastroesophageal reflux disease controlled by medication, cirrhosis of liver stable, rheumatoid arthritis controlled on medication, follow up with cardiologist for low blood pressure, muscle pain treated with fluids and medication, and hyperesthesia controlled with medication. (Doc. 16-1,l p. 6).

Similarly in November 2021, Dr. Frankel's examination was generally normal. (Doc. 16-1, p. 12-13). Dr. Frankel assessed Plaintiff with low back pain and generalized anxiety disorder, and prescribed medication for both. (Doc. 16-1, p. 13). Plaintiff's reflux continued to be controlled by medication. (Doc. 16-1, p. 13). Further, with no explanation or argument, Plaintiff also attached additional records, including imaging records, laboratory results, nerve conduction tests, and MRI results. (Doc. 16-1, p. 27-47).

Plaintiff failed to show how these additional medical records are chronologically relevant to the time period on or before the ALJ's decision. Nor has she shown how these medical records that include generally normal findings would change the administrative result. As a result, the request for remand under sentence six must be denied.

### III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2022.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties